UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

MINH NGUYEN,
                    *Plaintiff-Appellant,*

          and

WING HUNG YEUNG,
                              *Plaintiff,*

          v.

ARMANDO ARCE; MILTON C. CLARK;
B. G. MORRISEY, INCORPORATED;
H&M INTERNATIONAL, INCORPORATED,
                    *Defendants-Appellees.*

No. 00-1672

WING HUNG YEUNG,
                    *Plaintiff-Appellant,*

          and

MINH NGUYEN,
                              *Plaintiff,*

          v.

ARMANDO ARCE; MILTON C. CLARK;
B. G. MORRISSEY, INCORPORATED;
H&M INTERNATIONAL, INCORPORATED,
                    *Defendants-Appellees.*

No. 00-1693

Appeals from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CA-96-3728-PJM, CA-98-9-PJM)

Argued: January 24, 2002

Decided: April 25, 2002

Before MOTZ, KING, and GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Salvatore Joseph Zambri, REGAN, HALPERIN & LONG, P.L.L.C., Washington, D.C., for Appellants. Robert Lawrence Ferguson, Jr., FERGUSON, SCHETELICH & HEFFERNAN, P.A., Baltimore, Maryland; Richard Scott Schrager, ARMSTRONG, DONOHUE & CEPPOS & VAUGHAN, Rockville, Maryland, for Appellees. **ON BRIEF:** Patrick M. Regan, REGAN, HALPERIN & LONG, P.L.L.C., Washington, D.C.; V. Peter Markuski, Jr., WILSON, GOOZMAN, BERNSTEIN & MARKUSKI, Laurel, Maryland, for Appellants.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

After a jury verdict in favor of defendants on all counts in a negligence action stemming from a motor vehicle accident, appellants asked for a new trial based on several rulings by the trial judge they found to be objectionable. The district court denied the motion. For the reasons set forth below, we find no reversible error.

I.

On April 2, 1996, appellants Minh Nguyen and Wing Hung Yeung

were traveling southbound on Interstate 95 in Delaware in Nguyen's late model Mercedes sedan. Appellants were returning to Maryland from Atlantic City, New Jersey.[1] Yeung was driving in the left center lane of the four lane highway when the Mercedes suddenly lost all power. The accelerator was not responsive and Yeung could not maneuver the vehicle to either shoulder. The vehicle came to a stop in the lane.

Two tractor-trailers were traveling behind Yeung and Nguyen on the interstate. The first tractor-trailer was driven by Armando Arce in the course and scope of his employment with H & M International (H&M). Milton Clark was operating the second trailer in the course and scope of his employment with B.G. Morrissey (Morrissey). While stopped in the lane, the Mercedes was struck first by the tractor-trailer driven by Arce and then by the tractor-trailer driven by Clark. Both appellants were injured in the accident, Nguyen seriously so.

Nguyen and Yeung separately filed suits against Arce, H&M, Clark and Morrissey for injuries sustained by them as a result of the accident. Jurisdiction was based on diversity of citizenship. All defendants claimed the accident was unavoidable, and all claimed Nguyen was contributorily negligent for her failure to adequately maintain and inspect the Mercedes. Defendants also filed third party complaints against Yeung, asserting that his negligence was the proximate cause of the accident and that he was acting as Nguyen's agent when he drove to and from Atlantic City in her vehicle.

The cases were consolidated, and a jury trial commenced on March 7, 2000 in the United States District Court for the Southern Division of Maryland. Because the case had previously been bifurcated, liability was the only issue presented to the jury. The jury found in favor of defendants on all counts and in favor of Yeung on defendants' third party complaints. A final order of judgment was entered on March 17,

---

[1]Nguyen had been in Atlantic City with some friends over the weekend. She became separated from her friends and was without a means to return to her Maryland home. Nguyen called Yeung and he agreed to drive her car to Atlantic City. Because Nguyen was tired on the morning of the accident, Yeung also agreed to drive back to Maryland. Nguyen was asleep in the back seat when her Mercedes lost power.

2000. Appellants filed a motion for a new trial based on four perceived errors at trial. The trial court denied the motion on April 26, 2000, and appellants timely noted their appeal.

## II.

Nguyen and Yeung assert that the district court erred in four different respects at trial. They contend that they were prejudiced by an erroneous jury instruction, improper arguments made in closing, and the district court's failure to allow a "second cross-examination" of an expert witness. Appellants also assert that the district court improperly overruled their *Batson* challenge to one defendant's use of a peremptory strike. Having considered the record, the briefs, and the applicable law, and having had the benefit of oral argument on these issues, we affirm the district court's denial of the motion for new trial.

## A.

Appellants first contend that the district court committed reversible error in giving Maryland Pattern Jury Instruction 18:7.1 because the instruction sets forth an inappropriately low standard of care regarding the legal duties of appellees, as owners and operators of commercial motor carriers, to inspect and maintain their brake systems.[2] Even assuming appellants are correct in asserting that the instruction did not comply with the standard set forth in the Federal Motor Carrier Safety Regulations, we decline to order a new trial because, based on the record as a whole, the alleged error was not prejudicial to appellants.

Because the tractor-trailers driven by Arce and Clark were commercial motor vehicles that transport property in interstate commerce, all parties agree that the Federal Motor Carrier Safety Regulations are applicable in this case.[3] *See* 49 C.F.R. §§ 390-396. The federal regula-

---

[2]We note that Instruction 18:7.1 was submitted to the court before trial as part of plaintiffs' requested jury instructions.

[3]At trial, it was established that the brakes on the tractor driven by Clark for Morrissey were out of adjustment.

tions require that a driver "be satisfied" the vehicle is in safe operating condition *before* driving the vehicle. *See* 49 C.F.R. § 396.13 and 392.7.[4]

Maryland Pattern Jury Instruction 18:7.1 states that an operator's duty to inspect a vehicle for defective brakes may be accomplished by "operating the brakes and finding them in adequate working condition prior to the failure, provided that the operator did not have reasons to suspect the brakes may be likely to fail in the course of the normal operation of the vehicle." Appellants argue that this instruction conflicts with Federal Motor Carrier Safety Regulations because it does not require a *pre-trip* inspection of the vehicle. However, even if we assume it was error to give the Maryland form instruction, a jury charge "must be construed in light of the whole record." *Abraham v. County of Greenville*, 237 F.3d 386, 393 (4th Cir. 2001) (citing *Spell v. McDaniel*, 824 F.2d 1380, 1395 (4th Cir. 1987)). A judgment will be reversed for error in jury instructions "only if the error is determined to have been prejudicial, based on a review of the record as a whole." *Id.* (quoting *Wellington v. Daniels*, 717 F.2d 932, 938 (4th Cir. 1983)). We have examined the record in detail, and we find that the instruction complained of did not cause any discernable prejudice to appellants.

To begin, appellants did not object to Maryland Pattern Jury Instruction 18:6, which was read to the jury along with Instruction 18:7.1. Instruction 18:6 states that a "defective condition which is the cause of the accident is evidence of negligence of an operator and owner who has failed to properly maintain and inspect the vehicle." Like Instruction 18:7.1, Instruction 18:6 reads in part that "[p]roper inspection means an inspection which shows that the vehicle or the alleged defective part of the vehicle was *in adequate working condition prior to the failure*."[5] (emphasis added). Even if Instruction

---

[4]The federal regulations were provided as evidence of the applicable standard of care and as part of the proposition that a violation of a regulation may be evidence of negligence, not negligence *per se*.

[5]Instruction 18:7.1 states that "the duty of an operator to inspect the brakes may be accomplished by operating the brakes and finding them *in adequate working condition prior to the failure*, provided that the operator did not have reason to suspect that the brakes may be likely to fail in the course of the normal operation of the vehicle. (emphasis added).

18:7.1 had not been read to the jury, the same language, though in broader terms (defective part versus brakes specifically) would have reached the jury because no objections were made to Instruction 18:6. In addition to the fact that appellants did not object to Instruction 18:6, we also note that the federal regulations, all mandating a pre-trip inspection, were read to the jury.

Furthermore, the uncontroverted evidence presented at trial established that Clark did in fact perform a 20 to 25 minute pre-trip inspection on his tractor.[6] J.A. 558. While Clark's testimony did not establish that he inspected the trailer he was transporting at the time of the accident, there is no evidence before us that the trailer's brakes were faulty, and there is no evidence that inspecting the trailer's brakes would have revealed the defect in the tractor's brakes. Thus, taken as a whole, we find no prejudice stemming from the district court's decision to give Maryland Pattern Jury Instruction 18:7.1.

B.

Second, appellants argue that the trial court committed reversible error when it failed to strike statements made by counsel for Arce and H&M in closing argument concerning Nguyen's contributory negligence and appellants' failure to call Nguyen's son as a witness. We find that any error in failing to strike the statements was harmless, but in order to explain our finding, some elaboration on the facts is necessary.

At trial, Nguyen testified that before she bought the Mercedes, she asked her son, a mechanic, to look it over. He allegedly determined that the Mercedes did not have mechanical problems. Prior to submitting the case to the jury, the issue of Nguyen's contributory negligence was removed from the case for lack of evidence. However, appellant Yeung's negligence remained as part of the third party complaint brought by defendants. Defendants urged the jury to find that Yeung was Nguyen's agent. If the jury found Yeung was both negli-

---

[6]While the federal regulations mandate that inspections take place *before* the vehicle is driven, they do not detail *how* an adequate pre-trip inspection is accomplished.

gent and Nguyen's agent, his negligence could have been imputed to her.

In closing argument, counsel for Arce asked "Where is [Nguyen's] son, the mechanic, to tell you the condition of that car the week before this accident when she decided she was going to buy it . . . ?" Nguyen's counsel objected, but the district court overruled the objection. On appeal, appellants claim this was improper argument because the issue of Nguyen's contributory negligence was out of the case. They assert that counsel for Arce intentionally interjected Nguyen's contributory negligence back into the case when he asked about her son in closing.

Even assuming that the statements made in closing argument were improper, we find that they did not prejudice appellants. Even if counsel for Arce and H&M intentionally interjected Nguyen's contributory negligence back into the case, we see no way Nguyen would have been prejudiced because her negligence was not an issue the jury was instructed to decide. In addition to Yeung's contributory negligence[7], the only issue for the jury to decide was that of *defendants*' negligence. Jurors are presumed to follow the law, *see Brinkley-Obu v. Hughes Training, Inc.*, 36 F.3d 336, 354 (4th Cir. 1994), and we see nothing in the record to suggest that they did not do just that here. It would be mere speculation for us to find that the jury imputed some sort of contributory negligence on the part of Nguyen into its finding that the defendants were not negligent.

Appellants further assert that the court compounded the error by failing to issue a curative instruction explaining that no inference could be drawn from the fact that Nguyen's son did not testify. We find no abuse of discretion here. Nguyen's counsel explained in his rebuttal argument that Nguyen's son was available to either party because defendants could have subpoenaed him. Furthermore, the court instructed the jury that closing arguments by counsel are not to be considered evidence in the case.

---

[7]Certainly the statements did not prejudice Yeung, as the jury found that he was not contributorily negligent in his operation of the vehicle.

C.

Third, appellants claim that the trial court erred in denying Nguyen's counsel the opportunity to perform a second cross-examination of Clark and Morrissey's accident reconstruction expert. At trial, counsel for Clark and Morrissey called defense expert Wayne S. Gosnell to offer his opinion about Clark's actions and the capabilities of the Morrissey tractor-trailer driven by Clark. Nguyen's counsel then cross-examined the expert. After the cross-examination, counsel for co-defendants Arce and H&M was allowed to question the expert. Appellants claim that during this "friendly cross," the expert testified about new subjects and gave new opinions that were not addressed in the previous examination by any party. After a careful review of the record, we find that this argument is without merit.

Appellants claim that crucial expert testimony went unchallenged here because counsel for Arce and H&M, in asking about Arce's actions, went beyond the scope of previous examination, which had only related to Clark's actions.[8] The fault with this argument lies in the fact that Ngyuen's counsel, on cross-examination of Mr. Gosnell, asked the expert, "Should Mr. Arce have been able to see the Mercedes over the white car in front of him?" J.A. 899. This opened the door for Arce's counsel, on "friendly cross," to ask questions pertaining to whether Arce would have been able to perceive that the Mercedes was stopped.[9]

In addition, the litigants were well aware of the order of examination, and were on notice that the district court would not permit second examinations of witnesses, expert or otherwise. The district court had established a protocol at the beginning of trial and the parties agreed to that protocol. For these reasons, we find that the court did not abuse its discretion in denying Nguyen's counsel's request to "re-cross" Gosnell.

---

[8]Nguyen's counsel *never* objected during Gosnell's testimony that the questioning by counsel for Arce was beyond the scope of direct or of cross-examination.

[9]The other testimony claimed by appellants to be new material was both cumulative and irrelevant, and any error in admitting it was harmless.

### D.

Finally, appellants contend that the trial court erred in accepting Arce and H&M's explanation for their peremptory strike of juror number 3, Thinh D. Tran. Appellants challenged the strike pursuant to *Batson v. Kentucky*, 476 U.S. 79 (1998), alleging that juror Tran was struck because of his "Asian heritage."[10] In response to the challenge, counsel for Arce and H&M explained that his purpose "was to strike the youngest jurors for inexperience in driving." Tran, age 25, was one of the youngest jurors in the pool. The district court, assuming a prima facie case of discrimination, found the explanation "justifiable" and overruled the *Batson* challenge.

Trial court findings concerning whether peremptory challenges are made for racially discriminatory reasons are given great deference by this court. *United States v. Grimmond*, 137 F.3d 823, 833 (4th Cir. 1998) (quoting *Jones v. Plaster*, 57 F.3d 417, 421 (4th Cir. 1995)). As such, we review a district court's *Batson* finding only for clear error. *Id.* Here, we find no such error.

We have held that age is a legitimate race-neutral factor on which counsel may rely when striking a potential juror. *See Howard v. Moore*, 131 F.3d 399, 408 (4th Cir. 1997) (en banc). Because counsel for Arce and H&M articulated a race-neutral explanation for the challenge, the burden then shifted to appellants to prove that the explanation was a pretext for discrimination. *Id.* at 407; *Batson*, 476 U.S. at 98.

Appellants attempted to meet this burden by arguing that a juror who was younger than Tran was not stricken. A discussion ensued, where counsel for Arce and H&M explained that he did not strike the younger juror because counsel for co-defendants had already stricken that juror. The district court found no discriminatory purpose. Appellants now argue on appeal that we should find evidence of discriminatory purpose because counsel for Arce and H&M did not question jurors about their driving experience, and juror Tran could have had more driving experience than an individual on the panel who was

---

[10]Juror Tran and appellant Nguyen are both Vietnamese. Appellant Yeung is from China.

twice his age. We find this argument unpersuasive. It is certainly not unreasonable to infer a lack of driving experience from one's young age. Appellants simply have not shown that the explanation offered by counsel for Arce and H&M was a pretext for discrimination.

## III.

Based on the foregoing, we affirm the district court's decision denying the motion for a new trial.

*AFFIRMED*